**VENABLE LLP**
Witt W. Chang (State Bar No. 281721)
wwchang@venable.com
2049 Century Park East, Suite 2300
Los Angeles, California 90067
Telephone: (310) 229-9900
Facsimile: (310) 229-9901

Katherine Wright Morrone (*admitted pro hac vice*)
kwmorrone@venable.com
600 Massachusetts Avenue NW
Washington, DC 20001
Telephone: (202) 344-4000
Facsimile: (202) 344-8300

Attorneys for Defendant
TAYLOR SWIFT PRODUCTIONS, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUHAMMAD UMAIR NABEEL,<br><br>Plaintiff,<br><br>v.<br><br>TAYLOR SWIFT PRODUCTIONS, INC.,<br><br>Defendant. | Case No. 2:23-cv-10614 HDV (PVCx)<br>Hon. Hernan D. Vera<br><br>**TAYLOR SWIFT PRODUCTIONS, INC.'S NOTICE OF MOTION AND MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS**<br><br>Date:       Thursday, April 25, 2024<br>Time:       10:00 a.m.<br>Ctrtm:      5B<br><br>Action Filed:      Nov. 1, 2023<br>Action Removed:  Dec. 21, 2023<br>Trial Date:        None Set |

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on Thursday, April 25, 2024 at 10:00 a.m. or as soon thereafter as may be heard, in Courtroom 5B of the above-captioned Court, Defendant Taylor Swift Productions, Inc. ("Defendant" or "TSP"), will and hereby does move to dismiss Plaintiff Muhammad Umair Nabeel's ("Plaintiff") Complaint. Defendant seeks an order dismissing Plaintiff's Complaint in its entirety, with prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted and Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction.

As an initial matter, Plaintiff has failed to state any facts that would entitle him to relief for any of his frivolous purported claims. The defects in Plaintiff's Complaint are numerous and cannot be cured. Further, Plaintiff's Complaint fails to state a claim because all of Plaintiff's claims are barred by the applicable statute of limitations. This fundamental flaw is clear from the face of the Complaint. Finally, Plaintiff's Complaint fails pursuant to Rule 12(b)(2) as Plaintiff has failed to establish there is any basis for jurisdiction, general or specific, over TSP here.

This Motion is based on this Notice of Motion and Motion and the Memorandum of Points and Authorities filed concurrently herewith; the pleadings and other filings and/or records on the Court's docket and related case dockets; any simultaneously submitted requests for judicial notice; and such other written and oral argument as may be presented to the Court.

///
///
///
///
///
///

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

**STATEMENT OF COMPLIANCE WITH LOCAL RULE 7-3**

This motion is made following the conference of counsel and pro se Plaintiff pursuant to L.R. 7-3 which took place on December 14, 2023.

VENABLE LLP

Dated:  January 24, 2024          By:   */s/ Witt W. Chang*
                                        Witt Chang
                                        Katherine Wright Morrone

                                        Attorneys for Defendant Taylor
                                        Swift Productions, Inc.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION....................................................................................................1

II.    PLAINTIFF'S ALLEGATIONS AND RELEVANT BACKGROUND ...................2

III.   LEGAL STANDARD .............................................................................................4

   A.  Personal Jurisdiction – Rule 12(b)(2).............................................................4

   B.  Failure To State A Claim – Rule 12(b)(6) .......................................................5

IV.    ARGUMENT..........................................................................................................6

   A.  The Court Should Dismiss The Complaint With Prejudice Because The
       Relevant Statutes Of Limitations Bar All Claims ..........................................6

   B.  TSP Is Not Subject To General Jurisdiction In California .........................7

   C.  TSP Is Not Subject To Specific Jurisdiction In This Action.....................8

     i.   Plaintiff's Jurisdictional Allegations All Relate To Copyright Infringement;
        A Claim That Has Not Been Pled...................................................................9

     ii.  Invoking Personal Jurisdiction Over TSP Would Offend Due Process ..............10

   D.  Plaintiff Has Failed To Plausibly Plead His Right-of-Publicity Claims ................14

   E.  Plaintiff Has Failed To Plausibly Plead His False Light Claim ............................18

   F.  Plaintiff Has Failed To Plausibly Plead His Public Disclosure Of Private
       Facts Claim ....................................................................................................20

V.     CONCLUSION ....................................................................................................21

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arenas v. Shed Media U.S. Inc.*,
881 F. Supp. 2d 1181 (C.D. Cal. 2011), *aff'd*, 462 Fed. App'x 709 (9th Cir. 2011) ...................................................................................................14

*Asahi Metal Industry Co., Ltd. v. Superior Court*,
480 U.S. 102 (1987)....................................................................................13

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)......................................................................................5

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007)......................................................................................5

*Brahmana v. Lembo*,
2010 WL 965296 (N.D. Cal. Mar. 17, 2010) ...........................................19

*Bravado Int'l Grp. Merch. Servs., Inc. v. Gearlaunch, Inc.*,
2018 WL 6017035 (C.D. Cal. Feb. 9, 2018) ............................................17

*Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*,
137 S. Ct. 1773 (2017)........................................................................4, 8, 14

*Carafano v. Metrosplash.com Inc.*,
207 F. Supp. 2d 1055 (C.D. Cal. 2002) ....................................................21

*Carpenter v. Sikorsky Aircraft Corp.*,
101 F. Supp. 3d 911 (C.D. Cal. 2015) ........................................................8

*Cusano v. Klein*,
264 F.3d 936 (9th Cir. 2001) ......................................................................6

*Daimler AG v. Bauman*,
571 U.S. 117 (2014).....................................................................................7

*Doe v. Am. Nat'l Red Cross*,
112 F.3d 1048 (9th Cir. 1997) ..................................................................12

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS

*Dow Chem. Co. v Calderon*,
  422 F.3d 827 (9th Cir. 2005) ...............................................................4

*Downing v. Abercrombie & Fitch*,
  265 F.3d 994 (9th Cir. 2001) ........................................................14, 17

*eCash Techs., Inc. v. Guagliardo*,
  210 F. Supp. 1138 (C.D. Cal. 2000) .....................................................5

*Gaspari Nutrition, Inc. v. Kaltwasser*,
  2017 U.S. Dist. LEXIS 174270 (C.D. Cal. Mar. 30, 2017)...................12

*Goodyear Dunlop Tires Operations, SA v. Brown*,
  564 U.S. 915 (2011)..........................................................................4, 7

*Hogan v. Weymouth*,
  2020 WL 8028111 (C.D. Cal. Nov. 13, 2020) ....................................20

*Ileto v. Glock Inc.*,
  349 F.3d 1191 (9th Cir. 2003) .............................................................5

*Karimi v. Golden Gate Sch. of L.*,
  361 F. Supp. 3d 956 (N.D. Cal. 2019), *aff'd*, 796 Fed. App'x 462 (9th
  Cir. 2020) .........................................................................................20

*Lee v. TV Chosun Corp.*,
  2022 U.S. Dist. LEXIS 235288 (C.D. Cal. Sept. 19, 2022) .................11

*Mavrix Photo, Inc. v. Brand Techs., Inc.*,
  647 F.3d 1218 (9th Cir. 2011) ...........................................................11

*McCandless Grp., LLC v. Coy Collective, Inc.*,
  2023 WL 4681365 (C.D. Cal. June 12, 2023)......................................17

*Melendez v. Vaiana*,
  2017 U.S. Dist. LEXIS 230332 (C.D. Cal. Oct. 19, 2017) ..................11

*Miller v. Collectors Universe, Inc.*,
  159 Cal. App. 4th 988 (2008) .............................................................16

*Mireskandari v. Daily Mail & Gen. Tr. PLC*,
  2013 WL 12114762 (C.D. Cal. Oct. 8, 2013) .......................................6

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS

*Motschenbacher v. R.J. Reynolds Tobacco Co.*,
   498 F.2d 821 (9th Cir. 1974) ................................................................15

*Nabeel v. Gomez, et al.*,
   No. 23STCV27268 (Cal. Sup. Ct. Nov. 7, 2023) ...................................3

*Nabeel v. Gomez, Trump, Universal Studios*,
   No. 21STCV36259 (Cal. Sup. Ct. Oct. 4, 2021) ....................................3

*Nabeel v. July Moon Prods., Inc.*,
   No. 23STCV26819 (Cal. Sup. Ct. Nov. 2, 2023) ...................................3

*Nabeel v. Meta Platforms, Inc., et al.*,
   No. 2:23-cv-7452 (C.D. Cal. Sept. 8, 2023) .............................3, 4, 9, 16, 19, 20

*Newcombe v. Adolf Coors Co.*,
   157 F.3d 686 (9th Cir. 1998) ................................................................15

*NuCal Foods, Inc. v. Quality Egg LLC*,
   887 F. Supp. 2d 977 (E.D. Cal. 2012) ..................................................12

*Oja v. U.S. Army Corps of Engineers*,
   440 F.3d 1122 (9th Cir. 2006) ................................................................7

*Pebble Beach Co. v. Caddy*,
   453 F.3d 1151 (9th Cir. 2006) ..............................................................10

*Perkins v. Linkedin Corp.*,
   53 F. Supp. 3d 1222 (N.D. Cal. 2014)..................................................16

*Picot v. Weston*,
   780 F.3d 1206 (9th Cir. 2015) ................................................................4

*R & R Surgical Inst. v. Int'l Longshore & Warehouse Union*,
   2022 WL 1515686 (C.D. Cal. Mar. 8, 2022).......................................18

*Ranza v. Nike, Inc.*,
   793 F.3d 1059 (9th Cir. 2015) ................................................................7

*Reynolds v. Binance Holdings Ltd.*,
   481 F. Supp. 3d 997 (N.D. Cal. 2020)...................................................8

*Roberts v. McAfee, Inc.*,
   660 F.3d 1156 (9th Cir. 2011) ................................................................6

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS

*Schwarzenegger v. Fred Martin Motor Co.*,
  374 F.3d 797 (9th Cir. 2004) ...................................................................8, 10, 13

*Scott v. Breeland*,
  792 F.2d 925 (9th Cir. 1986) ...................................................................4

*Shame on You Prods. v. Banks*,
  120 F. Supp. 3d 1123 (C.D. Cal. 2015) ...................................................6

*Shulman v. Grp. W Prods., Inc.*,
  18 Cal. 4th 200 (1998) ............................................................................20

*Skilstaf, Inc. v. CVS Caremark Corp.*,
  669 F.3d 1005 (9th Cir. 2012) ...................................................................5

*Solano v. Playgirl, Inc.*,
  292 F.3d 1078 (9th Cir. 2002) ...................................................................18

*Tamkin v. CBS Broad., Inc.*,
  193 Cal. App. 4th 133 (2011) ...................................................................18, 19

*Taus v. Loftus*,
  40 Cal. 4th 683 (2007) ............................................................................20

*Toro v. 360 P'ship LP*,
  2021 WL 6103554 (C.D. Cal. Sept. 23, 2021) ......................................5

*United States v. Corinthian Colls.*,
  655 F.3d 984 (9th Cir. 2011) ...................................................................5

*U.S. ex rel. Air Control Techs. v. Pre Con Indus.*,
  720 F.3d 1174 (9th Cir. 2013) ...................................................................6

*Walden v. Fiore*,
  571 U.S. 277 (2014).................................................................................4, 8

*Werner v. Dowlatsingh*,
  818 F. App'x 671 (9th Cir. 2020) ...........................................................11

*White v. Samsung Elecs. Am., Inc.*,
  971 F.2d 1395 (9th Cir. 1992) ...................................................................15

*Yeager v. Bowlin*,
  693 F.3d 1076 (9th Cir. 2012) ...................................................................7

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

4

**Statutes**

Cal. Civ. Code § 3344 .................................................................6, 14, 15, 16

Cal. Civ. Code § 3425.3 .........................................................................6, 7

Cal. Code Civ. Proc. § 335.1 ....................................................................6

Cal. Code Civ. Proc. § 340(c) ...................................................................6

Cal. Code Civ. Proc. § 410.10 ..................................................................4

**Federal Rules**

Fed. R. Evid. 201.....................................................................................5

Fed. R. Civ. P. 12(b)(2)........................................................................4, 7

Fed. R. Civ. P. 12(b)(6)..................................................................5, 6, 14

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

## MEMORANDUM OF POINTS & AUTHORITIES

### I.   INTRODUCTION

Pro se Plaintiff is a frequent user of California courts (despite having no connection to California), in which he asserts frivolous claims against celebrities and well-established corporations. None of those cases have been successful and are often summarily dismissed. Plaintiff's misuse of the California court system continues here, where Plaintiff has asserted a variety of baseless privacy claims associated with the 2017 music video *Look What You Made Me Do* (the "Music Video")—a song by the artist Taylor Swift (the "Artist"), including without limitation getting into a car crash, getting arrested, having to spend money on lawyers, having a "U" in his name, having cats as pets, having a mental illness, riding a motorcycle, and dropping out of college. The notion that TSP or anyone associated with the creation of the Music Video has ever seen, heard of, interacted with, or is otherwise aware of Plaintiff (a threshold requirement for each of Plaintiff's claims) is patently untrue. Notably, Plaintiff does not allege otherwise. Plaintiff's Complaint fails on several levels and should be dismissed with prejudice.

Initially, based on Plaintiff's allegations in the Complaint, all of Plaintiff's claims are barred by their applicable statutes of limitations. There is nothing Plaintiff can do to cure this failure.

Additionally, Plaintiff's Complaint is deficient as a matter of law, as each of Plaintiff's unsupported claims contain defects that fail to state a claim. First, Plaintiff fails to state any right-of-publicity claims because Plaintiff has not plausibly alleged Defendant readily identified or used Plaintiff's likeness to its advantage, commercially or otherwise, or that he was injured by such alleged use. Second, Plaintiff fails to state any false light claim because Plaintiff has not plausibly alleged that the Music Video discloses information about or concerning Plaintiff or that any purported disclosure constitutes negligence. Third, Plaintiff fails to state any public-disclosure-of-private-

facts claim because, at a minimum, he has not plausibly alleged publication of any intimate private facts and merely parrots the elements of a claim.

Separately, Plaintiff fails to allege any basis for this Court to exercise personal jurisdiction over TSP. TSP is not subject to general jurisdiction in California because it is headquartered and has its principal place of business in Tennessee. TSP is not subject to specific jurisdiction in California either. As an initial matter, Plaintiff's jurisdictional allegations relate to a claim of copyright infringement, a cause of action not at issue here. On this basis alone, Plaintiff has failed to adequately plead that *his specific claims in this case*—for statutory and common law rights of publicity, public disclosure of private facts, and false light—arise out of or relate to TSP's contacts with the forum such that this Court has personal jurisdiction over Defendant. Moreover, even ignoring that Plaintiff's jurisdictional allegations relate to an unpled claim, Plaintiff has not alleged that TSP directed any activity at California, nor are any of the alleged acts for which Plaintiff purports to assert liability against TSP sufficiently connected to California.

The numerous flaws in Plaintiff's Complaint are incurable and require dismissal. The Complaint should be dismissed in its entirety with prejudice.

## II.   **PLAINTIFF'S ALLEGATIONS AND RELEVANT BACKGROUND**[1]

In 2017, the Artist released her sixth studio album, titled *reputation*. Compl. ¶ 28. In conjunction with that album, TSP released the Music Video on YouTube in August 2017. Compl. ¶¶ 18, 28; *see also Look What You Made Me Do*, YouTube (Aug. 27, 2017), https://www.youtube.com/watch?v=3tmd-ClpJxA.

Plaintiff admits that he has never met the Artist. Compl. ¶ 24. Additionally, Plaintiff does not allege that he has ever met or encountered anyone affiliated with Defendant. *See*

---

[1] For purposes of this Motion only, Defendant accepts the non-conclusory, factual allegations as pled by Plaintiff as true. For the avoidance of doubt, Defendant vigorously disagrees with and contests the allegations in the Complaint.

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

*generally id.* Instead, he claims to have briefly met a *different* artist (Selena Gomez) in 2012, (Compl. ¶¶ 2, 21, 40a), and asserts that following this 2012 encounter, Ms. Gomez and her friends, including the Artist, "made a music genre centered around his personal life." Compl. ¶ 22; *see also id.* ¶ 43. Based on this, Plaintiff alleges that certain elements of the Music Video—released years later—amount to violations by Defendant of his statutory and common law rights of publicity, as well as public disclosure of private facts, and false light. Compl. ¶ 4. Specifically, Plaintiff appears to base his claims on the inclusion of certain fact patterns in the Music Video that, while perhaps personally significant to Plaintiff, are in no way attributable to him. These facts include: (1) getting into a car crash; (2) getting arrested; (3) having to spend money on lawyers; (4) having a "U" in his name; (5) having cats as pets; (6) having a mental illness; (7) riding a motorcycle; and (8) dropping out of college. Compl. ¶¶ 27, 28, 29a, 31. None of these facts support Plaintiff's baseless claims.

Plaintiff is a frequent pro se user of California courts. *See, e.g.*, *Nabeel v. Meta Platforms, Inc., et al.*, No. 2:23-cv-7452 (C.D. Cal. Sept. 8, 2023) (the "*Meta* Action"); *Nabeel v. Gomez, Trump, Universal Studios*, No. 21STCV36259 (Cal. Sup. Ct. Oct. 4, 2021); *Nabeel v. July Moon Prods., Inc.*, No. 23STCV26819 (Cal. Sup. Ct. Nov. 2, 2023); *Nabeel v. Gomez, et al.*, No. 23STCV27268 (Cal. Sup. Ct. Nov. 7, 2023).[2] In one of those recent cases, this Court dismissed Plaintiff's claims against Meta and Universal Music Group. *See* Order, *Meta* Action, Dkt. 25 at 4. There, Plaintiff included certain identical jurisdictional and similar substantive allegations to his claims in this Action. *Compare Meta* Action Compl. ¶¶ 6-13, 54-55, 58, *with* Compl. ¶¶ 7-14, 29, 31. However, by copying and pasting jurisdictional allegations from another matter, Plaintiff asserts jurisdictional allegations for a claim (copyright infringement) that he does not assert in

---

[2] Notably, Plaintiff makes continuous use of California courts despite having no cognizable connection to California.

this Action. *See* Dkt. 18 [Pl. Reply to Notice of Related Cases]. He also re-asserts right of publicity claims this Court has already rejected. *See Meta* Action, Dkt. 25 at 3-4.

As explained further below, Plaintiff has failed to allege facts to support any of his privacy-based claims. The Complaint should be dismissed with prejudice.

## III.   LEGAL STANDARD

### A.   Personal Jurisdiction – Rule 12(b)(2)

A defendant may seek dismissal of an action due to lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). "The party seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction exists." *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986).

To be subject to personal jurisdiction in the State of California, Plaintiff must show satisfaction "of the applicable state long-arm statute" and that the exercise otherwise "comport[s] with federal due process." *Dow Chem. Co. v Calderon*, 422 F.3d 827, 830 (9th Cir. 2005). "Because California's long-arm statute allows the exercise of personal jurisdiction to the full extent permissible under the U.S. Constitution," the relevant inquiry is limited to "whether exercising jurisdiction comports with due process." *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014)); *see* Cal. Code Civ. Proc. § 410.10.

Due process requires that "the defendant ha[ve] certain minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Goodyear Dunlop Tires Operations, SA v. Brown*, 564 U.S. 915, 923 (2011). In attempting to demonstrate jurisdiction, a plaintiff can invoke one of two categories of personal jurisdiction: general, "all purpose" jurisdiction or specific, case-linked jurisdiction. *Walden v. Fiore*, 571 U.S. 277, 283 n.6 (2014); *Bristol-Myers Squibb Co. v. Superior Court of California*, *San Francisco Cty.*, 137 S. Ct. 1773, 1779-80 (2017) (recognizing "two types of personal jurisdiction: 'general' (sometimes called 'all-purpose') jurisdiction and 'specific' (sometimes called

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

'case-linked') jurisdiction;" where "the paradigm forum for the exercise of general jurisdiction . . . for a corporation, . . . is an equivalent place, one in which the corporation is fairly regarded as at home" and for "specific jurisdiction, 'the suit' must "arise out of or relate to the defendant's contacts with the forum"). Plaintiff has not, and cannot, show either general or specific personal jurisdiction exists here.

**B.  Failure To State A Claim – Rule 12(b)(6)**

Separately, a Rule 12(b)(6) motion to dismiss "tests the legal sufficiency of the claims asserted in the complaint." *Ileto v. Glock Inc.*, 349 F.3d 1191, 1199–1200 (9th Cir. 2003). While "[t]he Court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them," (*eCash Techs., Inc. v. Guagliardo*, 210 F. Supp. 1138, 1143 (C.D. Cal. 2000)), a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The plaintiff must plead "more than labels and conclusions, and a formulaic recitation of a cause of action's  elements will not do." *Twombly*, 550 U.S. at 555. Additionally, "[w]hen a claim is barred by the applicable statute of limitations, dismissal with prejudice under Federal Rule of Civil Procedure 12(b)(6) is appropriate." *Toro v. 360 P'ship LP*, 2021 WL 6103554, at *4 (C.D. Cal. Sept. 23, 2021), *R. & R. adopted*, 2021 WL 5050057 (Nov. 1, 2021).

In ruling on a motion to dismiss, the Court may take judicial notice of public records and facts not subject to reasonable dispute. *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1016 n.9 (9th Cir. 2012); Fed. R. Evid. 201. The Court "may also consider unattached evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document." *United States v. Corinthian Colls.*, 655 F.3d 984, 998–99 (9th Cir. 2011). Thus, in an action based on Defendant's work—*i.e.*, the Music Video, the Court may consider Defendant's work

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

even though not attached to Plaintiff's Complaint. *Shame on You Prods. v. Banks*, 120 F. Supp. 3d 1123, 1144 (C.D. Cal. 2015) ("Because [plaintiff's and defendants'] works are referenced in—although not attached to—the amended complaint, they are incorporated by reference in it, and can be considered by the court…").

Applying the above black-letter law, Plaintiff's Complaint is riddled with fundamental fatal flaws any of which are sufficient for dismissal of the Complaint in its entirety.

## IV. ARGUMENT

### A. The Court Should Dismiss The Complaint With Prejudice Because The Relevant Statutes Of Limitations Bar All Claims

Putting aside for the moment that all of Plaintiff's claims are substantively frivolous, they are also undeniably time-barred by their relevant statute of limitations. "[W]hen the running of the statute [of limitations] is apparent on the face of the complaint," a claim may properly be dismissed under Rule 12(b)(6). *U.S. ex rel. Air Control Techs. v. Pre Con Indus.*, 720 F.3d 1174, 1178 (9th Cir. 2013). Here, the Complaint makes clear that all of Plaintiff's claims, based on events from 2017, are time-barred.

The statute of limitations for Plaintiff's claims are as follows:

- **Two years** for statutory and common-law right-of-publicity claims. *Cusano v. Klein*, 264 F.3d 936, 950 (9th Cir. 2001); Cal. Civ. Code § 3425.3; Cal. Civ. Code § 3344.

- **Two years** for a public disclosure of private facts claim. *Mireskandari v. Daily Mail & Gen. Tr. PLC*, 2013 WL 12114762, at *10 (C.D. Cal. Oct. 8, 2013); Cal. Code Civ. Proc. § 335.1.

- **One year** for a false light claim. *Roberts v. McAfee, Inc.*, 660 F.3d 1156, 1166 (9th Cir. 2011); Cal. Code Civ. Proc. § 340(c).

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

Here, Plaintiff alleges the Music Video "copies the likeness of the plaintiff"; "showed the plaintiff in false light"; and "publicizes the private facts of the plaintiff that aren't of public concern." Compl. ¶¶ 18, 28–29, 56–60. Thus, all of Plaintiff's claims are premised on the Music Video itself. The Music Video was released on YouTube in August 2017. Compl. ¶¶ 28, 29, 62. Each of Plaintiff's claims began to accrue when the relevant material was first made publicly available, *i.e.*, first posted on the Internet. *See Yeager v. Bowlin*, 693 F.3d 1076, 1081–82 (9th Cir. 2012); Cal. Civ. Code § 3425.3; *see also Oja v. U.S. Army Corps of Engineers*, 440 F.3d 1122, 1130 (9th Cir. 2006) (finding "the posting of information on the web should be treated in the same manner as the publication of traditional media" meaning the "statute of limitations period [] runs from the point at which the original dissemination occurred"). Plaintiff's purported claims, therefore, began to accrue in August 2017.

To timely state a claim, Plaintiff would have had to assert his claims by August 2018 (false light) or August 2019 (right of publicity and public disclosure of private facts). Plaintiff filed this lawsuit in November 2023 (*see* Dkt. 1 ¶ 1 [Notice of Removal])—years beyond any applicable statute of limitations. All four of Plaintiff's baseless claims are time-barred and should be dismissed with prejudice.

### B.  TSP Is Not Subject To General Jurisdiction In California

In addition to the fatal defects in Plaintiff's substantive allegations, the Complaint is also devoid of any basis for jurisdiction under Rule 12(b)(2). As an initial matter, Plaintiff has not alleged and cannot establish that Defendant is subject to general jurisdiction in California. A corporate defendant may be subject to general jurisdiction in a state only if its contacts with that state are so "continuous and systematic" that it is "essentially at home in the forum State." *Daimler AG*, 571 U.S. at 138-39 & n.19; *Goodyear*, 564 U.S. at 924. "The paradigmatic locations where general jurisdiction is appropriate over a corporation are its place of incorporation and its principal place of

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS

business." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1069 (9th Cir. 2015) (internal citation omitted).

Defendant is incorporated in Tennessee and its principal place of business is in Nashville, Tennessee. *See* Dkt. 3 [RJN], Ex. 7 (TSP Tennessee business record). Plaintiff does not allege otherwise.[3] Accordingly, Defendant is not "at home" in California, and is not subject to general jurisdiction here. *Carpenter v. Sikorsky Aircraft Corp.*, 101 F. Supp. 3d 911, 922-23 (C.D. Cal. 2015) (granting motion to dismiss for lack of personal jurisdiction where general jurisdiction was not found, as the defendant was neither incorporated nor had its principal place of business in California); *Reynolds v. Binance Holdings Ltd.*, 481 F. Supp. 3d 997, 1003, 1010 (N.D. Cal. 2020) (same).

## C. TSP Is Not Subject To Specific Jurisdiction In This Action

Where, as here, general jurisdiction does not exist, Plaintiff must establish specific jurisdiction to avoid dismissal. Plaintiff has not done so.

Specific jurisdiction is only established if a plaintiff's suit arises out of or sufficiently relates to the defendant's contacts with the forum. *Bristol-Myers Squibb Co.*, 137 S. Ct. at 1780; *see also Walden*, 571 U.S at 285. The Ninth Circuit has established a three-prong test for determining specific jurisdiction: (1) the defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof or avail himself of the privilege of conducting activities in the forum and invoking the benefits and protections of its laws; (2) the claim must arise out of or result from the defendant's forum-related activities; and (3) the exercise of jurisdiction must be reasonable. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).

Here, Plaintiff attempts to satisfy personal jurisdiction through allegations related to a claim he does not even assert (copyright infringement), and otherwise fails to connect

---

[3] Indeed, the Complaint does not include any information regarding where Defendant is incorporated or where it has its principal place of business. *See generally* Compl.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

his jurisdictional facts to any of the claims he actually does assert. Quite clearly, Plaintiff has failed to establish specific jurisdiction over Defendant.

### i. Plaintiff's Jurisdictional Allegations All Relate To Copyright Infringement; A Claim That Has Not Been Pled.

As an initial matter, it cannot be ignored that Plaintiff's jurisdictional allegations relate to copyright infringement; a claim not even alleged in this Action. Indeed, the jurisdictional allegations appear to have been copy and pasted from a pleading in a different matter. *See Meta* Action Compl., Dkt. 1-1. In the *Meta* Action, Plaintiff brought a suit against multiple defendants for **copyright infringement**, among other claims. *Meta* Action Compl. ¶¶ 1, 22, 217. There, Plaintiff's jurisdictional allegations referenced "infringing works" that have been "performed" in California (*id*. ¶¶ 6-9), and that "Defendants have generated touring and recording revenues from the unauthorized and unlawful exploitation of the infringing work, including…in California" (*id*. ¶ 10). Plaintiff also alleged that "California residents are able to purchase, download, and stream the infringing compositions and recordings." *Id*. ¶ 6.

Plaintiff now realleges those **same** jurisdictional allegations here (*see* Compl. ¶¶ 7, 10-11), even though this case relates to a Music Video only involving causes of action for statutory and common law rights of publicity, public disclosure of private facts, and false light (*see* Compl. ¶ 4). In other words, and as Plaintiff has explicitly represented to this Court, this is not a copyright infringement case (*see* Dkt. 18 at 2-4 [Pl. Reply to Notice of Related Cases]) – there is no infringing composition or recording, no music tour, and no infringing song that has been purchased, downloaded, or streamed such that Plaintiff's jurisdictional allegations are applicable.[4]

---

[4] Plaintiff's jurisdictional allegations in this case also reference "Defendants" (plural) who "are primarily based abroad" (Compl. ¶¶ 7-14), facts which are inapplicable here given that Plaintiff has sued one defendant located in Tennessee.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS

On this basis alone, Plaintiff has not adequately pled that his frivolous claims for right of publicity and related privacy claims arise out of or sufficiently relate to TSP's contacts with the forum such that this Court has personal jurisdiction over TSP.

### ii.   Invoking Personal Jurisdiction Over TSP Would Offend Due Process

Notwithstanding the above, even construing Plaintiff's jurisdictional allegations in the light most favorable to Plaintiff, Plaintiff still cannot establish the three prongs required for personal jurisdiction and therefore cannot satisfy the Due Process requirements for maintaining suit in this State.

### a.   TSP Has Not Purposefully Directed Any Activities To California

As an initial matter, Plaintiff has not alleged that TSP purposely directed any activities to California that relate to the claims he has asserted.  Purposeful direction exists only where a plaintiff demonstrates that (a) defendant committed an intentional act, (b) expressly aimed at the forum state, and (c) that causes harm the defendant knows is likely to be suffered in the forum State. *See Schwarzenegger*, 374 F.3d at 803 (citing *Calder v. Jones*, 465 U.S. 783 (1984)). Purposeful direction does not exist merely because a defendant can foresee that harm from its activities may be suffered in the forum State. *Id*. at 804-05. Rather, "something more" than mere foreseeability is required and must be expressly aimed at the forum state. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1156 (9th Cir. 2006).

Here, Plaintiff generally alleges that California residents are able to "purchase, download, and stream" the Music Video. *See* Compl. ¶¶ 7, 11.[5] This is woefully

---

[5] Because Plaintiff's jurisdictional allegations reflect a copyright infringement dispute relating to infringing songs, where possible, Defendant has liberally construed Plaintiff's language to apply to the specific facts of this case. Accordingly, where Plaintiff refers to "infringing work(s)" or "infringing composition and recordings," TSP construes this to mean the Music Video that is available on YouTube and which Plaintiff alleges improperly incorporates various aspects of his life. *See* Compl. ¶ 6.

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

insufficient to show that TSP targeted California or that any harm was suffered in California.

First, Plaintiff has not alleged (nor could he) that California residents were somehow harmed by claims that are quintessentially personal to Plaintiff. Indeed, Plaintiff is not even a California resident, he is a Pakistani citizen residing in Florida (Compl. ¶ 5; Dkt. 1 n.2), so not only did the alleged harm not even occur in California, but TSP could certainly not foresee that Plaintiff would be harmed in California.

Furthermore, "[n]ot all material placed on the Internet is, solely by virtue of its universal accessibility, expressly aimed at every state in which it is accessed." *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1231 (9th Cir. 2011); *see also Melendez v. Vaiana*, 2017 U.S. Dist. LEXIS 230332, at *21-22 (C.D. Cal. Oct. 19, 2017) (finding lack of personal jurisdiction where plaintiff failed to allege New York defendant targeted or aimed activities at the California market when allegedly uploading infringing work to YouTube); *see also Werner v. Dowlatsingh,* 818 F. App'x 671, 672 (9th Cir. 2020) (affirming dismissal for lack of specific jurisdiction because Canadian defendant's alleged display of infringing photos on his YouTube channel did not create a substantial connection with California). In other words, just because residents of California may have viewed the Music Video on YouTube does not mean that TSP targeted California. Moreover, Plaintiff does not allege that TSP posted or uploaded the Music Video specifically for a California audience or that the video specifically appealed to or profited from the California audience. *See Lee v. TV Chosun Corp.*, 2022 U.S. Dist. LEXIS 235288, at *9-14 (C.D. Cal. Sept. 19, 2022) (finding no specific jurisdiction where plaintiff failed to allege that defendant uploaded YouTube video specifically for California audience, profited from California audience, or that video was meant to target plaintiff, a California resident).

Plaintiff's remaining allegations also fall short. Plaintiff makes the conclusory assertion that TSP "advertised" the Music Video to California residents (Compl. ¶ 11),

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS

"performed…authorized, organized, and promoted performances…numerous times in California" (Compl. ¶ 10), and "generated touring and recording revenue" from exploitation of the Music Video in California (Compl. ¶ 11). However, no specific advertisements, performances, tours, recordings, or promotions are identified in Plaintiff's Complaint. Nor has Plaintiff provided any details regarding the scope of such activities or dates regarding when these alleged activities occurred. Plaintiff's threadbare allegations are simply not enough. *See NuCal Foods, Inc. v. Quality Egg LLC*, 887 F. Supp. 2d 977, 988 (E.D. Cal. 2012) ("[T]he court need not consider merely conclusory claims, or legal conclusions in the complaint as establishing jurisdiction."); *Gaspari Nutrition, Inc. v. Kaltwasser*, 2017 U.S. Dist. LEXIS 174270, at *14-15 (C.D. Cal. Mar. 30, 2017) (purposeful direction test not met where plaintiff made conclusory assertions and failed to provide figures or statistics relating to business in California or the extent of defendant's promotion activities in California).

In sum, Plaintiff has failed to make a prima facie showing that TSP expressly aimed or directed any activities at California.

### b. **Plaintiff's Claims Do Not "Arise Out Of" Or "Relate To" Any TSP Activity Directed At California**

Plaintiff has also failed to show that the unsupported claims at issue arise out of or relate to TSP's activities connected specifically with California. *See Doe v. Am. Nat'l Red Cross*, 112 F.3d 1048, 1051 (9th Cir. 1997). The Ninth Circuit applies a "but for" test to determine whether a given cause of action arises out of the defendant's forum-related activities. *Id.* at 1051. In essence, the court must ask whether the cause of action would exist but for the defendant's contacts with the forum. *Id.*

Here, Plaintiff's four causes of action—statutory and common law right of publicity, public disclosure of private facts, and false light—all revolve around the Music Video. Compl. ¶ 4. Specifically, Plaintiff claims that TSP incorporated elements of his life, namely, his mental illness and a car accident he was involved in, into the Music Video

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

without his consent. *Id.* Plaintiff also claims the Music Video harmed him because it falsely depicts him hanging out with "BDSM sex workers," having numerous sexual partners, and revealing his private struggle with mental illness. Compl. ¶¶ 56-60.

However, Plaintiff's Complaint is devoid of any allegations that Plaintiff's claims or alleged harm arise from TSP's California-directed activities. In fact, as noted above, Plaintiff is a Pakistani citizen who resides in Florida (Compl. ¶ 5; Dkt. 1 n.2), so any purported harm would have occurred in Florida.[6] Further, Plaintiff does not allege (and there are no facts to suggest) that Plaintiff viewed the Music Video in California, the car accident occurred in California, or that he received mental health treatment in California. In short, Plaintiff does not identify any connection between California and Plaintiff's alleged injuries. Thus, Plaintiff's claims do not "arise out of" or "relate to" TSP's California-related activities.

### c. The Exercise Of Personal Jurisdiction Over TSP Would Be Unreasonable And Unfair

Plaintiff has not met his burden of showing that (1) TSP purposefully directed activities at California; or (2) his claims arise out of or relate to those activities. The inquiry should end there. *See Schwarzenegger*, 374 F.3d at 802 (no need to reach third prong if plaintiff fails to satisfy first two prongs). However, even if Plaintiff had met his burden, the Court would still lack personal jurisdiction over TSP because exercising such jurisdiction would not comport with principles of fair play and reasonableness. *Asahi Metal Industry Co., Ltd. v. Superior Court*, 480 U.S. 102, 113 (1987) (in making the "reasonableness" determination, courts consider "the burden on the defendant, the interests of the forum State, and the plaintiff's interest in obtaining relief").

---

[6] Notably, one of Plaintiff's filings in this case suggests that Plaintiff may reside in Saudi Arabia. *See* Dkt. 17 (December 20, 2023 proof of service listing Plaintiff's current address as Riyadh, Saudi Arabia). In any event, no harm was suffered in California.

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS

As discussed above, TSP has not purposefully directed any activities at California. Indeed, all of TSP's documents and witnesses that might be relevant to this action are located in Tennessee, its principal place of business. *See* Dkt. 3 [RJN], Ex. 7 (TSP Tennessee business record). Further, California has no unique interest in adjudicating this dispute. Plaintiff is a Pakistani citizen residing in Florida (Compl. ¶ 5; Dkt. 1 n.2), and TSP is a citizen of Tennessee (Dkt. 3 [RJN], Ex. 7). California has no identifiable interest in pursuing a Tennessee corporation based in Nashville over a music video that is available on YouTube. Thus, no specific jurisdiction exists, and it would be unfair and burdensome to require TSP to defend itself here and submit to the power of the state of California. *See Bristol-Myers Squibb Co.*, 137 S. Ct. at 1780 ("Assessing this burden obviously requires a court to consider…the more abstract matter of submitting to the coercive power of a State that may have little legitimate interest in the claims in question.")

For these reasons, Plaintiff's Complaint must be dismissed for lack of personal jurisdiction pursuant to the Due Process Clause.

### D. **Plaintiff Has Failed To Plausibly Plead His Right-of-Publicity Claims**

In addition to lacking jurisdiction, Plaintiff's baseless claims are also subject to dismissal for failure to state a claim pursuant to Rule 12(b)(6). First, Plaintiff has failed to plausibly plead the required elements of his common-law and statutory right-of-publicity claims and therefore, they must be dismissed.[7] To allege a common-law claim, Plaintiff must show "(1) the defendant's use of the plaintiff's identity; (2) the appropriation of [the] plaintiff's name or likeness to [the] defendant's advantage, commercially or otherwise; (3) lack of consent; and (4) resulting injury." *Arenas v. Shed Media U.S. Inc.*, 881 F. Supp. 2d 1181, 1188 (C.D. Cal. 2011), *aff'd*, 462 Fed. App'x 709 (9th Cir. 2011). For a statutory right of publicity claim under § 3344(a), a

---

[7] Plaintiff fails to plausibly plead each and every element for a statutory and common-law right-of-publicity claim; however, for efficiency, Defendant does not address all elements because failure to satisfy any element results in dismissal.

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

1   plaintiff must allege all elements of a common-law claim plus "a knowing use by the

2   defendant" and "a direct connection between the alleged use and the commercial

3   purpose." *Downing v. Abercrombie & Fitch*, 265 F.3d 994, 1001 (9th Cir. 2001); Cal.

4   Civ. Code § 3344(a).  Plaintiff's right-of-publicity claims fail across the board.

5       When determining "whether [Plaintiff's] likeness was actually used[,] [courts]

6   must address how identifiable an image must be to constitute a likeness under the

7   common law and section 3344." *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 692 (9th

8   Cir. 1998); *see White v. Samsung Elecs. Am., Inc.*, 971 F.2d 1395, 1397 (9th Cir. 1992)

9   (holding that for the purposes of a § 3344 claim, the "term 'likeness' refers to a *visual*

10  *image* not an [] imitation" or interpretation) (emphasis added). Thus, for Plaintiff to

11  prevail on his claims that the Music Video appropriates his likeness, "the [protagonist]

12  depicted in the [Music Video] must be *readily identifiable* as [Plaintiff]." *Newcombe*,

13  157 F.3d at 692 (emphasis added); *Motschenbacher v. R.J. Reynolds Tobacco Co.*, 498

14  F.2d 821, 826–27 (9th Cir. 1974) ("[I]f the district court correctly determine[s] as a

15  matter of law that plaintiff is not identifiable in the [Music Video], then in no sense has

16  plaintiff's identity been misappropriated nor his interest violated."); Cal. Civ. Code

17  § 3344(b)(1) (defining "readily identifiable" as meaning that "when one who views the

18  [Music Video] with the naked eye can reasonably determine that the person depicted

19  in the [Music Video] is the same person who is complaining of its unauthorized use").

20  There is nothing readily identifiable about Plaintiff in the Music Video.

21      Plaintiff asserts that the Music Video "copies the likeness of the plaintiff"

22  through "a number of identifiable references" between him and the "protagonist," but

23  alleges no facts allowing the Court to reasonably infer such allegation. Compl. ¶¶ 29,

24  31.  Notably, the protagonist in the Music Video is the Artist; Plaintiff is nowhere to

25  be found. Further, Plaintiff's purported "identifiable references" between him and the

26  Artist include: (i) both persons drove and got into car accidents in a gold car; (ii)

27  Plaintiff was arrested after his accident, and the Artist "is shown in a jail cell, eating

28

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

lobsters"; (iii) Plaintiff "spen[t] semesters worth of money on lawyers" and the Artist is "shown burning through the cash"; (iv) both persons rode motorcycles; (v) Plaintiff "was placed in a mental institution" and the protagonist is mentally ill; (vi) and Plaintiff had a "signed souvenir" from Selena Gomez and "dropped out of University at the junior standing," and the Artist is "shown dropping while wearing a junior t-shirt with an autograph from Selena Gomez." Compl. ¶¶ 29, 31. None of these "identifiable references" plausibly illustrate any use remotely resembling what is required to survive a motion to dismiss as "Plaintiff does not allege that [TSP] used his identity, or even his likeness, in any recognizable (or conceivable) way." *Meta* Action, Dkt. 25 at 4 (dismissing Mr. Nabeel's right-of-publicity claims based on similar allegations as this Action). Indeed, Plaintiff's claims rest on the theory that his general *life experiences*— not his identity or likeness—have been misappropriated. A music video depicting a car color, car accident, incarceration, spending money, motorcycles, cats, and the letter "U" cannot plausibly be alleged to refer specifically or solely to Plaintiff's identity or likeness.[8] Compl. ¶¶ 29, 31. Plaintiff has therefore failed to state a common-law or statutory right-of-publicity claim.

If that were not enough, Plaintiff has also failed to plausibly plead the alleged use resulted in injury. Injury from a right-of-publicity claim can result from commercial loss or mental anguish. *See Perkins v. Linkedin Corp.*, 53 F. Supp. 3d 1222, 1243 (N.D. Cal. 2014); *Miller v. Collectors Universe, Inc.*, 159 Cal. App. 4th 988, 1006 (2008). To the extent Plaintiff alleges mental anguish from the Music Video, "legislative history of section 3344(a) reveals the statutory minimum damages were meant to compensate noncelebrity plaintiffs who suffer [from] [] mental anguish yet no discernible commercial loss." *Miller*, 159 Cal. App. 4th at 1006. However, Plaintiff has failed to plausibly plead the statutory requirements (as explained below) and thus, Plaintiff

---

[8] For similar reasons, Plaintiff fails to plausibly plead how Defendant used his likeness to Defendant's advantage, commercially or otherwise.

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

cannot rely on the statutory minimum damages. To the extent Plaintiff alleges commercial loss, "his recourse [i]s to prove actual damages like any other plaintiff whose name has commercial value." *Id.* Plaintiff alleges "[i]f he was being monetarily compensated for [the Music Video's use of] the persona, then he would have improved his persona" and "that would have helped him sell his persona for even more money (business)." Compl. ¶ 45. However, Plaintiff has not, and cannot, plausibly plead his identity has commercial value, what that commercial value is, or that Defendant has deprived Plaintiff of his identity's commercial value. *See* Compl. ¶¶ 50–51.

Furthermore, Plaintiff has failed to plausibly plead the additional statutory requirements. For a statutory right of publicity claim, in addition to the common law elements, Plaintiff must also plausibly allege "a knowing use" and a "direct connection between the alleged use and the commercial purpose." *Downing*, 265 F.3d at 1001. The "'knowing use' requirement refers to the fact that a defendant knew of their use of the plaintiff's name or likeness…." *McCandless Grp., LLC v. Coy Collective, Inc.*, 2023 WL 4681365, at *5 (C.D. Cal. June 12, 2023). Here, Plaintiff's allegations show there was no such use by TSP. Plaintiff alleges that he has "never had a meeting with the singer Taylor Swift." Compl. ¶ 24. Notably, the Complaint is also devoid of any allegation suggesting <u>TSP</u>, the Defendant here, ever met or became aware of Plaintiff, let alone knowingly used Plaintiff's identity in the Music Video. *See Bravado Int'l Grp. Merch. Servs., Inc. v. Gearlaunch, Inc.*, 2018 WL 6017035, at *7 (C.D. Cal. Feb. 9, 2018) (holding that vague allegations that do not specify how plaintiff made defendant aware of its use "is not sufficient to allege Defendants' knowing use of [plaintiff's] likeness").

Further, Plaintiff alleges TSP received a "commercial gain and advantage" because "[t]he music videos attract attention to the music albums and exclusive merchandise like T-Shirts, other clothes, mugs, etc.[;] [t]he videos are a big part of branding the album and its merchandise[;] [and] [t]he music videos also make revenue

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS

for the defendant." Compl. ¶ 34. However, the Complaint does not include a single allegation *connecting* in any manner the alleged "use" of Plaintiff's identity or likeness to the alleged "commercial gain" from the Music Video. Compl. ¶ 34; *Downing*, 265 F.3d at 1001. Taken as true for the purposes of the Motion, Plaintiff's allegations assert the Music Video's commercial purpose was to promote the Artist's new album and her merchandise. Nowhere in the Complaint does Plaintiff allege how the use of his identity provided <u>Defendant</u> a commercial advantage or was connected to the commercial purposes Plaintiff lists.

Thus, Plaintiff's statutory and common-law right of publicity claims should be dismissed.

### E.  <u>Plaintiff Has Failed To Plausibly Plead His False Light Claim</u>

Plaintiff's false light claim also fails because there are simply no alleged facts plausibly pleading the required elements. To state a claim for false light invasion of privacy, a plaintiff must allege: "(1) disclosure to one or more persons of (2) information about or concerning the plaintiff a) presented as factual but actually false or b) creating a false impression about him (3) that was highly offensive and would injure the plaintiff's reputation; (4) [defendant's] negligence [in disclosing such information]; and (5) the plaintiff suffered damages as a result." *R & R Surgical Inst. v. Int'l Longshore & Warehouse Union*, 2022 WL 1515686, at *2 (C.D. Cal. Mar. 8, 2022); *Solano v. Playgirl, Inc.*, 292 F.3d 1078, 1082 (9th Cir. 2002). Again, Plaintiff's allegations fall short, as Plaintiff has failed to plausibly allege that information in the Music Video is about or concerning him and that TSP acted negligently in its purported disclosure of information.[9]

Plaintiff's Complaint lacks a single fact plausibly alleging the information disclosed is about or concerning Plaintiff. The relevant test to determine whether the

---

[9] Again, while Plaintiff fails to plausibly plead each and every element of a false light claim, for efficiency, Defendant focuses on the most egregious deficiencies.

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

Music Video is "of and concerning the plaintiff" is "whether a reasonable person would understand" that the Music Video scenes at issue "actually referred to plaintiff[]." *Tamkin v. CBS Broad., Inc.*, 193 Cal. App. 4th 133, 146 (2011) (noting that the inquiry "is a question of law for the court"). In the context of fiction, like the Music Video, "as a matter of law, mere similarity or even identity of names is insufficient to establish a work of fiction is of and concerning a real person." *Id.* at 146-47 (dismissing plaintiff's defamation and false light claims arising from casting synopses for television characters that had the same names and ages as plaintiffs, but no other identifying details or biographical references "that would assist a reasonable person in recognizing that the fictional [character] was actually plaintiff"). The Complaint does not allege that the Music Video refers to Plaintiff by name or specifically identifies him in any way. Compl. ¶¶ 29, 31. Rather, the Complaint includes conclusory allegations that the Music Video "falsely showed that the married plaintiff was with" "100s of sex workers"; "multiple sex partners"; and "crossdressers and BDSM sex workers."[10] Compl. ¶¶ 29, 30, 32, 60.  However, a review of the Music Video shows that Plaintiff is nowhere to be found. *See* Taylor Swift, *Look What You Made Me Do*, YouTube (Aug. 27, 2017), https://www.youtube.com/watch?v=3tmd-ClpJxA.

Likewise, Plaintiff's Complaint lacks a single fact plausibly alleging TSP acted negligently in its alleged disclosure. Plaintiff "must allege facts showing that defendant[] acted negligently in failing to learn whether the publicized fact placed him in a false light." *Brahmana v. Lembo*, 2010 WL 965296, at *4 (N.D. Cal. Mar. 17, 2010) (citation omitted). The Complaint does not do so. Plaintiff does not include the word

---

[10] Based on Plaintiff's right of publicity claims and his false light allegation that "the likeness of the plaintiff giving a speech to a crowd of BDSM sex workers with an added sign saying 'U squad,'" Defendant reasonably infers Plaintiff is again referencing the "protagonist" of the Music Video as himself for the purposes of his false light claim. Compl. ¶ 60.

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

"negligence" even once in his Complaint and alleges no facts suggesting TSP acted negligently or otherwise.

Notably, "Plaintiff's [false light] claim is fundamentally at odds with his theory of the case." *See Meta* Action, Dkt. 25 at 4. "Plaintiff's theory centers on [a] musical artist[] taking true events from his life and making art based on those events." *Id.* "[W]here Plaintiff's own allegations state that the song[] [was] accurately depicting true life events, a [false light] claim cannot stand." *Id.*

Accordingly, Plaintiff's false light claim must be dismissed.

## F. Plaintiff Has Failed To Plausibly Plead His Public Disclosure Of Private Facts Claim

Plaintiff's public disclosure of private facts claim similarly fails. To state a claim, Plaintiff must plausibly plead: "(1) public disclosure (2) of a private fact (3) which would be offensive and objectionable to the reasonable person and (4) which is not of legitimate public concern." *Shulman v. Grp. W Prods., Inc.*, 18 Cal. 4th 200, 214 (1998). Again, Plaintiff comes nowhere close to doing so.

Plaintiff fails to plausibly allege disclosure of private facts. To do so, the disclosure at issue must reveal "'*intimate details* of plaintiff['']s li[fe].'" *Karimi v. Golden Gate Sch. of L.*, 361 F. Supp. 3d 956, 980 (N.D. Cal. 2019), *aff'd*, 796 Fed. App'x 462 (9th Cir. 2020) (quoting *Taus v. Loftus*, 40 Cal. 4th 683, 717 (2007)). Plaintiff alleges the Music Video "[r]eveal[s] that a mental illness patient is having trust issues with his family." Compl. ¶ 57. At the outset, no reasonable person would interpret any scene in the Music Video as Plaintiff has. Assuming, *arguendo*, this interpretation of the Music Video was true (it is not), this allegation does not allege the revealed information is *about Mr. Nabeel*, but rather is about mental illness in general. Further, this allegation "does not involve sensitive or intimate private fact[s] of Plaintiff." *Hogan v. Weymouth*, 2020 WL 8028111, at *11 (C.D. Cal. Nov. 13, 2020). California law is clear that such vague allegations do not meet the "intimate details of

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS

Plaintiff's life" requirement. *See e.g.*, *Karimi*, 361 F. Supp. 3d at 980 (dismissing public disclosure of private facts claim where the defendant disclosed that the plaintiff had been suspended from law school for a period of time because the disclosure did not reveal intimate details of the plaintiff's life); *Loftus*, 40 Cal. 4th at 717-18 ("[W]e have very serious doubts whether . . . the statement[] . . . Jane Doe engaged in destructive behavior . . . constitutes disclosure of the kind of sufficiently sensitive or intimate private fact which would be offensive and objectionable to the reasonable person so as to support a cause of action under the public-disclosure-of-private-facts tort." (internal quotations and citations omitted)).

Plaintiff also fails to plausibly allege Defendant's purported disclosure would be offensive and objectionable to the reasonable person. A plaintiff must allege that Defendant published the Music Video "with reckless disregard for the fact that reasonable men would find the invasion highly offensive." *Carafano v. Metrosplash.com Inc.*, 207 F. Supp. 2d 1055, 1069 (C.D. Cal. 2002). The Complaint includes a conclusory allegations that "revealing tons of referenceable information of a mental illness patient wouldn't sit right with a reasonable person" and "[t]he actions of the defendant are highly offensive." Compl. ¶ 57. Beyond these conclusory allegations, again, the Complaint lacks any facts plausibly pleading Defendant's purported reckless disregard or that reasonable individuals would find this information highly offensive.

Once again, Plaintiff has failed to state a claim.

## V.    **CONCLUSION**

For the foregoing reasons, all of Plaintiff's frivolous claims are time-barred, or otherwise fail to state a claim, and there is no personal jurisdiction over TSP in this Court. TSP respectfully requests that this Court dismiss Plaintiff's Complaint in its entirety with prejudice.

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

Dated:  January 24, 2024

VENABLE LLP

By:    */s/ Witt W. Chang*
       Witt W. Chang
       Katherine Wright Morrone

       Attorneys for Defendant Taylor
       Swift Productions, Inc.

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS

# **CERTIFICATE OF COMPLIANCE**

      The undersigned, counsel of record for Defendant Taylor Swift Productions, Inc., certifies that this brief contains 6,983 words, which complies with the word limit of L.R. 11-6.1.


Dated:  January 24, 2024         VENABLE LLP

                                   By:    */s/ Witt W. Chang*
                                          Witt W. Chang

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

## CERTIFICATE OF SERVICE

I hereby certify that I caused Defendant Taylor Swift Production, Inc.'s **TAYLOR SWIFT PRODUCTIONS, INC.'S NOTICE OF MOTION AND MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS** to be served via first-class U.S. mail, postage pre-paid, to the following:

Muhammad Umair Nabeel

1317 Edgewater Drive, #899

Orlando, FL 32804

Omairnabeel2023@gmail.com

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 24, 2024, in Los Angeles, California.

_____

Kenneth Westcott

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900