1  **VENABLE LLP**
Witt W. Chang (State Bar No. 281721)
2  wwchang@venable.com
2049 Century Park East, Suite 2300
3  Los Angeles, CA 90067
Telephone: (310) 229-9900
4  Facsimile: (310) 229-9901

5  Katherine Wright Morrone (*admitted pro hac vice*)
kwmorrone@venable.com
6  600 Massachusetts Avenue NW
Washington, DC 20001
7  Telephone: (202) 344-4000
Facsimile: (202) 344-8300

8

9  Attorneys for Defendant
TAYLOR SWIFT PRODUCTIONS, INC.

10

11              **UNITED STATES DISTRICT COURT**

12              **CENTRAL DISTRICT OF CALIFORNIA**

13  MUHAMMAD UMAIR NABEEL,            Case No. 2:23-cv-10614 HDV (PVCx)
                                      Hon. Hernan D. Vera
14              Plaintiff,
                                      **DEFENDANT TAYLOR SWIFT**
15        v.                          **PRODUCTIONS, INC.'S REPLY**
                                      **MEMORANDUM OF POINTS**
16  TAYLOR SWIFT PRODUCTIONS,         **AND AUTHORITIES**
    INC.,
17                                    Date:    Thursday, April 25, 2024
              Defendant.             Time:    10:00 a.m.
18                                    Ctrtm:   5B
19
20                                    Action Filed:    Nov. 1, 2023
                                      Action Removed:  Dec. 21, 2023
21                                    Trial Date:      None Set
22
23
24
25
26
27
28

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

# **TABLE OF CONTENTS**

I.        INTRODUCTION ..........................................................................1

II.       ARGUMENT .................................................................................1

    A.    PLAINTIFF'S CLAIMS ARE TIME-BARRED AND THERE IS NO BASIS TO TOLL ANY STATUTE OF LIMITATIONS ...........................................................................1

        i.   Mental illness tolling does not apply .........................1

        ii.  Equitable tolling does not apply ...............................4

    B.    DEFENDANT IS NOT SUBJECT TO GENERAL JURISDICTION IN CALIFORNIA ...............................................6

    C.    DEFENDANT IS NOT SUBJECT TO SPECIFIC JURISDICTION IN CALIFORNIA ...............................................7

    D.    PLAINTIFF STILL FAILS TO PLAUSIBLY PLEAD HIS RIGHT-OF-PUBLICITY CLAIMS .................................8

    E.    PLAINTIFF STILL FAILS TO PLAUSIBLY PLEAD HIS FALSE LIGHT CLAIM ..................................................9

    F.    PLAINTIFF STILL FAILS TO PLAUSIBLY PLEAD HIS PUBLIC DISCLOSURE OF PRIVATE FACTS CLAIM ............10

III.     CONCLUSION ...........................................................................11

# <u>TABLE OF AUTHORITIES</u>

**Cases**

*Allen v. Dollar Tree Stores, Inc.*,
  475 F. App'x 159 (9th Cir. 2012)..................................................................10

*Attilio Giusti Leombruni S.p.A. v. Lsil & Co.*,
  2015 WL 12743878 (C.D. Cal. May 29, 2015)..................................................7

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) .........................................................................................8

*Bonner v. Hill*,
  328 F. App'x 379 (9th Cir. 2009)....................................................................6

*Douglas v. Kalanta*,
  2022 WL 16748728 (E.D. Cal. Nov. 7, 2022) .........................................3, 5, 7, 8

*Downing v. Abercrombie & Fitch*,
  265 F.3d 994 (9th Cir. 2001)............................................................................8

*Hakakha v. CitiMortgage, Inc.*,
  2015 WL 4873561 (C.D. Cal. Aug. 13, 2015) ................................................10

*Jackson v. Netflix, Inc.*,
  506 F. Supp. 3d 1007 (C.D. Cal. Dec. 9, 2020) ..............................4, 5, 6, 7, 8

*Johnson v. Lucent Techs. Inc.*,
  653 F.3d 1000 (9th Cir. 2011)......................................................................2, 4

*Lacayo v. Donahoe*,
  2015 WL 993448 (N.D. Cal. Mar. 4, 2015) ......................................................4

*Lawless v. Evans*,
  545 F. Supp. 2d 1044 (C.D. Cal. 2008)............................................................6

*Orthel v. Yates*,
  795 F.3d 935 (9th Cir. 2015) ...........................................................................4

*Pace v. DiGuglielmo*,
  544 U.S. 408 (2005) ......................................................................................4, 5

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

*Pagtakhan v. Doe*,
   2013 WL 3052856 (N.D. Cal. June 17, 2013) ................................................ 2

*Ranza v. Nike, Inc.*,
   793 F.3d 1059 (9th Cir. 2015) ...................................................................... 6

*Richardson v. Montgomery*,
   2017 WL 8472683 (C.D. Cal. Nov. 9, 2017), *R&R adopted*, 2018
   WL 1468423 (Mar. 23, 2018) ......................................................................... 5

*Robinson v. Buffaloe*,
   2021 WL 4483513 (C.D. Cal. Aug. 3, 2021), *R&R adopted*, 2021
   WL 4477942 (Sept. 30, 2021) ................................................................ 3, 5, 7, 8

*Schofield v. Cnty. of Los Angeles*,
   2022 WL 17476796 (C.D. Cal. Sept. 14, 2022), *R&R adopted*, 2022
   WL 17477132 (Dec. 1, 2022) ......................................................................... 3

*Singer ex rel. Singer v. Paul Revere Life Ins. Co.*,
   2015 WL 3970284 (C.D. Cal. June 30, 2015) ............................................ 2, 4

*Smith v. Davis*,
   953 F.3d 582 (9th Cir. 2020) ......................................................................... 5

*Sohmer v. Internal Revenue Serv.*,
   2018 WL 6133724 (C.D. Cal. Oct. 5, 2018) ................................................ 10

**Statutes**

California Civil Code § 3344(a) ......................................................................... 8

California Code of Civil Procedure § 352 ...................................................... 2, 4

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES**

## I.  INTRODUCTION

Defendant hereby submits this Reply in Support of its Motion to Dismiss Plaintiff's Complaint. As explained in Defendant's Motion (Dkt. 25), Plaintiff's claims are entirely meritless and incurable. Plaintiff does not address or dispute most of Defendant's arguments and makes no attempt to rebut the extensive law Defendant put forth supporting its Motion. Indeed, in his Opposition, Plaintiff entirely ignores his false light and public disclosure of private facts claims and, as a result, has waived them. In an effort to save his Complaint, Plaintiff includes numerous new allegations and exhibits regarding equitable tolling, jurisdiction, and his right of publicity claims. None of this information is contained in the Complaint and the Court cannot consider it now. But even if the Court could, Nabeel still fails to plausibly plead his claims, that this Court has personal jurisdiction over Defendant, or that his claims are not completely time-barred. Thus, the frivolous claims in Plaintiff's fatally flawed Complaint must be dismissed with prejudice.

## II.  ARGUMENT

### A.  Plaintiff's Claims Are Time-Barred and There Is No Basis to Toll Any Statute of Limitations

As explained in Defendant's Motion, Plaintiff's claims should be dismissed because their statutes of limitations ("SOLs") have all long-expired. *See* Dkt. 25 at 6–7 (two-year SOL for right-of-publicity; two-year SOL for public disclosure of private facts; and one-year SOL for false light). To avoid dismissal, Plaintiff requests in his Opposition that the SOLs be tolled on two grounds: mental illness and equitable tolling. Dkt. 26 ¶¶ 11–12, 13–39. Neither supports tolling here. Nor can the Court even consider Nabeel's tolling request as it is premised entirely on facts not pled in the Complaint. Plaintiff's claims are time-barred and should be dismissed.

#### i.  Mental illness tolling does not apply

Plaintiff is not entitled to tolling based on mental illness because he has failed

**Venable LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

to plausibly plead "insanity" or "extraordinary circumstances" and because his tolling request is premised on new facts not contained in the Complaint that cannot even be considered. In California, a plaintiff may be entitled to tolling for mental illness by statute or in equity. Per California Code of Civil Procedure § 352, for certain causes of action, "if a person entitled to bring an action . . . is, at the time the cause of action accrued . . . lacking the legal capacity to make decisions, the time of the disability is not part of the time limited for the commencement of the action." CAL. CIV. PROC. CODE § 352.[1] For purposes of § 352, "a plaintiff is 'insane' if he is 'incapable of caring for his property or transacting business or understanding the nature or effects of his acts.'" *Singer ex rel. Singer v. Paul Revere Life Ins. Co.*, 2015 WL 3970284, at *4 (C.D. Cal. June 30, 2015) (dismissing action as time-barred and rejecting mental illness tolling allegations). Additionally, Ninth Circuit courts have equitably tolled SOLs based on mental incompetency. To establish equitable tolling due to mental impairment, Plaintiff must plausibly plead that the "mental impairment was an 'extraordinary circumstance' beyond his control by demonstrating the impairment was so severe that either (a) plaintiff was unable rationally or factually to personally understand the need to timely file, or (b) plaintiff's mental state rendered him unable personally to prepare a complaint and effectuate its filing." *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1010 (9th Cir. 2011).

Plaintiff alleges that "[b]efore and after the release of videos" he has been "suffering from mental illness" requiring hospitalization, medication, and psychotherapy. Compl. ¶¶ 18, 53–55. Plaintiff's "bare allegation[s] that he was mentally [ill]" are "too conclusory to plead that he was 'insane' as the term is used in § 352." *Singer*, 2015 WL 3970284, at *4; *see* Compl. ¶¶ 17–18, 20, 31, 52–55. In fact, Plaintiff does not provide any facts in the Complaint as to whether he was

---

[1] The statutory exemption here does not apply to Plaintiff's right-of-publicity claims. *See* CAL. CIV. PROC. CODE § 352 (applying only to actions mentioned in Chapter 3 of this statute, commencing with § 335, which does not include right of publicity).

"incapable of caring for his property or transacting business, or understanding the nature or effects of his acts." *Pagtakhan v. Doe*, 2013 WL 3052856, at *6 (N.D. Cal. June 17, 2013) (granting motion to dismiss and holding plaintiff was not entitled to tolling).

In his Opposition, Plaintiff includes for the first time numerous factual allegations and documents (Dkt. 26 ¶¶ 13–14, 18–19, 21–39; *id.* at 23–31) asserting a history of mental illness and unrelated life events to support an argument that the SOLs should be tolled. First, none of these allegations appear in Plaintiff's Complaint, and thus they cannot be considered here. *See, e.g.*, *Robinson v. Buffaloe*, 2021 WL 4483513, at *2 (C.D. Cal. Aug. 3, 2021), *R&R adopted*, 2021 WL 4477942 (Sept. 30, 2021) ("[A] court may not consider materials outside the complaint, including new allegations in an opposition."); *Douglas v. Kalanta*, 2022 WL 16748728, at *6 (E.D. Cal. Nov. 7, 2022) ("[N]ew allegations in an opposition to a motion cannot be used to defeat dismissal and the only proper allegations for the Court to consider are those contained in the complaint itself."). Second, even if the Court could consider Nabeel's new allegations regarding his mental impairment, Plaintiff has still failed to allege that he lacked the legal capacity to make decisions so as to qualify for mental illness tolling under California law. *Schofield v. Cnty. of Los Angeles*, 2022 WL 17476796, at *3 (C.D. Cal. Sept. 14, 2022), *R&R adopted*, 2022 WL 17477132 (Dec. 1, 2022) (holding that despite plaintiff's bipolar diagnosis, she was not entitled to tolling). He has therefore failed to support a claim for statutory tolling.

Similarly, Plaintiff has failed to include facts that plausibly plead his mental illness amounts to an "extraordinary circumstance" for purposes of equitable tolling. Plaintiff alleges that when the Music Video[2] was released in 2017, Plaintiff was attending the "University of Central Florida for Chemistry and Electrical Engineering"; "previously graduated from Valencia College in Orlando, Florida and Manarat Al Riyadh International School in Riyadh, Saudi Arabia"; "painted [and]

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

---
[2] As defined in Defendant's Motion to Dismiss (Dkt. 25).

had received recognition from the Ministry of Education in Saudi Arabia for his painting"; and "had a short film studio and ran it on Facebook.com." Compl. ¶¶ 26–27, 37, 39. Although Plaintiff seems to have "grappled periodically with significant mental issues," he has also been able to "participate[ ] productively in . . . college-level courses, and [other] programming that required substantial mental competence." *Orthel v. Yates*, 795 F.3d 935, 939 (9th Cir. 2015) (declining to apply equitable tolling);  *Lacayo v. Donahoe*, 2015 WL 993448, at *11–12 (N.D. Cal. Mar. 4, 2015) (holding equitable tolling did not apply where plaintiff had been diagnosed with bipolar disorder, PTSD, and depression, but was still able to apply for state disability benefits and file written requests for copies of her employment file). Further, Plaintiff is a frequent pro se user of California courts (*see* Dkt. 25 at 3), which demonstrates that Plaintiff understood the need to timely file and was personally able to prepare a complaint and effectuate its filing. *Johnson*, 653 F.3d at 1010.

The Complaint itself "lacks well-pled facts from which it is plausible to conclude" that the statute of limitations should be tolled and "[w]hile Plaintiff's Opposition attempts to clarify the factual bases for [his tolling arguments], these facts are absent from the [Complaint] and the Court [must] disregard[] them." *Jackson v. Netflix, Inc.*, 506 F. Supp. 3d 1007, 1017 (C.D. Cal. Dec. 9, 2020). Plaintiff is not entitled to tolling of the SOLs pursuant to § 352 or equitable tolling for mental incompetence, and thus, his claims must be dismissed.

### ii.   Equitable tolling does not apply

The applicable statute of limitations cannot be equitably tolled because Plaintiff has failed to plausibly plead entitlement to such tolling, and his tolling request is, again, premised entirely on facts not pled in the Complaint. "Where the running of the statute of limitations appears on the face of a complaint, a plaintiff must allege facts to support a plausible claim that the equitable tolling doctrine applies in order to survive a motion to dismiss brought under Rule 12(b)(6)." *Singer*, 2015 WL 3970284, at *4. In his Opposition, Plaintiff argues he is entitled to

equitable tolling under *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)[3] and includes new allegations purporting to be "extraordinary circumstances" in an attempt to satisfy that test. *See* Dkt. 26 ¶¶ 18–39. Again, none of these new allegations appear in his Complaint and therefore cannot be considered. *See Netflix, Inc.*, 506 F. Supp. 3d at 1017; *Kalanta*, 2022 WL 16748728, at *6; *Robinson*, 2021 WL 4483513, at *2; Dkt. 26 ¶¶ 19, 30–32, 34–39.   However, even assuming *arguendo* that the Court could consider Plaintiff's new allegations, he fails to plausibly plead equitable tolling under *Pace*.

Under this test, a plaintiff is entitled to equitable tolling if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." 544 U.S. at 418. As for the first element, Plaintiff's Complaint and Opposition are devoid of any facts alleging he has been pursuing his rights diligently. To meet this element, Plaintiff "must show that he has been reasonably diligent in pursuing his rights not only while an impediment to filing caused by an extraordinary circumstance existed, but before and after as well, up to the time of filing his claim." *Smith v. Davis*, 953 F.3d 582, 598–99 (9th Cir. 2020). A plaintiff does not pursue his rights diligently where he knows or has reason to know of the factual predicate of his claims yet waits years before taking any action. *See Richardson v. Montgomery*, 2017 WL 8472683, at *10 (C.D. Cal. Nov. 9, 2017), *R&R adopted*, 2018 WL 1468423 (Mar. 23, 2018). Plaintiff has failed to satisfy the first element of this test, and thus, he is not entitled to equitable tolling on this basis alone.

The second element is met "only when an extraordinary circumstance prevented a petitioner acting with reasonable diligence from making a timely filing." *Davis*, 953 F.3d at 600. Plaintiff alleges that the "extraordinary circumstances" include: (1) an explosion at his mother's home; (2) Plaintiff was locked up and beaten in Pakistan by his relatives; (3) Plaintiff feared for his own life and family's

---

[3] *Pace* addresses whether a habeas petitioner is entitled to equitable tolling of the one-year limitations period under the Antiterrorism and Effective Death Penalty Act.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

safety because the music videos "added to his paranoia" that he had enemies and was "being sacrificed by the illuminati"; (4) Plaintiff's brother lost his temper; (5) while in Saudi Arabia, Plaintiff was imprisoned and beaten by his visa sponsor; (6) upon his return to the United States, Plaintiff was in a bike accident; and (7) Plaintiff experiences nightmares. Dkt. 26 ¶¶ 15–39. Putting aside the fact that most of these allegations are not in the Complaint and cannot be considered, Nabeel does not plausibly allege that these "extraordinary circumstances were the but-for and proximate causes of his untimeliness" as required for equitable tolling under the extraordinary circumstances test. *Lawless v. Evans*, 545 F. Supp. 2d 1044, 1048 (C.D. Cal. 2008); *Bonner v. Hill*, 328 F. App'x 379, 381 (9th Cir. 2009). As a result, Plaintiff has failed to satisfy the second element of this test. While failing to satisfy one element is enough, here Plaintiff fails both. Plaintiff is not entitled to equitable tolling and his claims should be dismissed as untimely.

### B.   Defendant Is Not Subject To General Jurisdiction In California

In addition to untimely asserting his claims, Plaintiff fails to provide any basis for jurisdiction under Rule 12(b)(2) because he has failed to sufficiently allege that Defendant has a systematic and continuous relationship with California and his Opposition cannot cure this with new allegations. A corporate defendant may be subject to general jurisdiction in a state only if its contacts with that state are so "continuous and systematic" that it is "essentially at home in the forum State." Dkt. 25 at 7 (citing cases). "The paradigmatic locations where general jurisdiction is appropriate over a corporation are its place of incorporation and its principal place of business." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1069 (9th Cir. 2015).

As explained in Defendant's Motion, Defendant is incorporated in Tennessee with its principal place of business in Nashville, Tennessee. Dkt. 25 at 7–8. Plaintiff does not allege otherwise. Instead, Plaintiff includes a slew of new factual allegations in his Opposition regarding YouTube and Defendant's purported relationship with YouTube. Dkt. 26 ¶¶ 13–14, 18–19, 21–39. In the Opposition, Plaintiff newly concludes that Defendant's connection with California is systematic

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

and continuous because Defendant has "strong business relations" with YouTube as "the video in question was uploaded to YouTube in late August 2017 [and] YouTube is a California based company." Dkt. 26 ¶ 42.  Plaintiff's Complaint mentions YouTube just once and neither mentions YouTube's domicile nor Defendant's relationship with YouTube. Compl. ¶ 62. These new allegations, presented only in Plaintiff's Opposition, cannot be considered. *See, e.g.*, *Netflix, Inc.*, 506 F. Supp. 3d at 1017; *Kalanta*, 2022 WL 16748728, at *6; *Robinson*, 2021 WL 4483513, at *2. But again, even if they could, Plaintiff still fails to sufficiently allege that Defendant has a systematic and continuous relationship with California as merely maintaining a business relationship with a California company is woefully insufficient for the purposes of establishing general jurisdiction. *See, e.g.*, *Attilio Giusti Leombruni S.p.A. v. Lsil & Co.*, 2015 WL 12743878, at *6 (C.D. Cal. May 29, 2015) (holding that defendants' association with a California-based website does not confer general jurisdiction where there are no facts suggesting defendants were partnered with, own any portion of, or have a formal agency relationship with the California company). Quite plainly, there is no general jurisdiction over Defendant here.

## C.    <u>Defendant Is Not Subject To Specific Jurisdiction In California</u>

Plaintiff also still fails to provide a basis for jurisdiction through specific jurisdiction because he has failed to sufficiently allege that the suit arises out of or is related to Defendant's contacts with California and his Opposition cannot cure this with new allegations. Specific jurisdiction is only established if Plaintiff's suit arises out of or sufficiently relates to Defendant's contacts with the forum. Dkt. 25 at 8 (citing cases). In his Opposition, Plaintiff does not dispute that his jurisdictional allegations in the Complaint are directly copied from another matter (*compare Meta* Action Compl. ¶¶ 6–13, *with* Compl. ¶¶ 7–14) and relate to an unpled copyright infringement claim. *See* Dkt. 25 at 9–10. Acknowledging that his jurisdictional allegations in the Complaint are incurably deficient, Plaintiff concludes that "the action arises from the video that the defendant uploaded to the California company

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

YouTube" and includes other similar new allegations. Dkt. 26 ¶¶ 13–14, 18–19, 21–39, 42–43. Again, these new allegations cannot be considered as they are not within the Complaint. *See, e.g.*, *Netflix, Inc.*, 506 F. Supp. 3d at 1017; *Kalanta*, 2022 WL 16748728, at *6; *Robinson*, 2021 WL 4483513, at *2. Indeed, the Complaint is devoid of any allegations (related to the claims and facts of this case) that Defendant expressly aimed or directed any activities at California and/or that Plaintiff's claims or alleged harm arose from Defendant's California-directed activities. *See* Dkt. 25 at 8–14. For these reasons and those explained in Defendant's Motion, Plaintiff's Complaint should be dismissed for lack of personal jurisdiction.

### D. <u>Plaintiff Still Fails to Plausibly Plead His Right-of-Publicity Claims</u>

Plaintiff's Opposition provides nothing to save his right-of-publicity claims and they should be dismissed for failure to state a claim under Rule 12(b)(6). Plaintiff fails to plausibly plead Defendant used his identity (name, image, or likeness), without his consent, to Defendant's advantage, and that he suffered injury as a result. *See* Dkt. 25 at 14–18. Plaintiff also fails to plausibly plead "a knowing use by the defendant" and "a direct connection between the alleged use and the commercial purpose." *Downing v. Abercrombie & Fitch*, 265 F.3d 994, 1001 (9th Cir. 2001); CAL. CIV. CODE § 3344(a). Plaintiff did not do so in the Complaint and his Opposition confirms this.

First, Plaintiff merely restates his conclusory allegations that the Music Video "evoke[s] the identity of the plaintiff [because] it showed the accident of his golden car, his name initials, his motorcycle crew, his arrest, [and] his status at the University (junior)." Dkt. 26 ¶ 3. Restating conclusory allegations from the Complaint in his Opposition, without more, does not correct Plaintiff's failure to properly state a claim in the Complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . .").

Second, in an attempt to remedy his fatally flawed Complaint, Plaintiff's "opposition contains a host of allegations not contained in the complaint and

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

attaches approximately [ten exhibits] of new documents." *Kalanta*, 2022 WL 16748728, at *6; *see* Dkt. 26 ¶¶ 1–4, 7, 48; Dkt. 26 at 23–31. Plaintiff now alleges "similarities of the plaintiff and the videos of *Look What You Made Me Do* <u>and</u> *Ready for It?*". Dkt. 26 ¶ 7 (emphasis added). In the Complaint, Plaintiff does not allege that Defendant owns the music video for the song *Ready For It?* or that the music video for *Ready For It?* violates his rights of publicity. *See generally* Compl. This is an entirely new claim made in Plaintiff's Opposition and cannot be considered. *See, e.g.*, *Netflix, Inc.*, 506 F. Supp. 3d at 1017; *Kalanta*, 2022 WL 16748728, at *6; *Robinson*, 2021 WL 4483513, at *2. Plaintiff also attempts to assert new facts supporting his conclusory allegations that these two music videos violate his right of publicity through the attached exhibits and illustrative chart in paragraph 7. Dkt. 26 ¶ 7; *id.* at 23–31. Notably, eight of the thirteen similarities in Plaintiff's chart are fabricated 3D illustrations based on Plaintiff's newly attached exhibits, which undeniably do not support the illustrations. *Compare* Dkt. 26 ¶ 7 (alleged similarity #9 showing a "crew" of animated people wearing sweatshirts that say "U Squad"), *with* Dkt. 26, Ex. A-6 (cited as support for similarity #9, consisting of stills from the Music Video showing "U squad" and a cropped photo of Plaintiff's driver's license showing his middle name "Umair"). Even if these new exhibits could be considered, they do not rectify Plaintiff's insufficiently pled claims for the reasons stated in Defendant's Motion. Dkt. 25 at 14–18.[4] Plaintiff's right of publicity claims should be dismissed.

### E.   <u>Plaintiff Still Fails to Plausibly Plead His False Light Claim</u>

Plaintiff's false light claim still fails because there are simply no alleged facts in the Complaint that plausibly plead required elements that Defendant negligently disclosed information about or concerning Nabeel that was presented as factual but was false or created a false impression, was highly offensive and would injure

---

[4] Oddly, some of Plaintiff's new allegations are entirely unrelated to Defendant or Plaintiff's claims against it—including alleged harm by actions of other artists and entities not before the Court. Dkt. 26 ¶¶ 8, 14, 27, 36–37. These irrelevant allegations obviously do not save Plaintiff's right of publicity claims.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

Nabeel's reputation, and Nabeel suffered damages as a result. *See* Dkt. 25 at 18–20. Plaintiff's Opposition has not, and cannot, cure this.

Again, Plaintiff merely restates his Complaint's conclusory allegations that the Music Video "show[s] the plaintiff with BDSM hookers, a high number of sex partners, and with cross dressers" and "having an extramarital relationship with [his] friend, or with sex workers." Dkt. 26 ¶¶ 6, 15, 20, 44, 46.  These allegations are insufficient to plausibly plead a false light claim for the reasons explained in Defendant's Motion. Dkt. 25 at 18–20. Further, Plaintiff does not rebut or address Defendant's arguments that the Complaint fails to include a single fact plausibly alleging the required elements for a false light claim. "When a plaintiff fails to address a defendant's arguments as to why certain claims should be dismissed, courts may construe that failure as 'concession that they are valid reasons to dismiss those claims.'" *Sohmer v. Internal Revenue Serv.*, 2018 WL 6133724, at *6 (C.D. Cal. Oct. 5, 2018) (quoting *Hakakha v. CitiMortgage, Inc.*, 2015 WL 4873561, at *8 (C.D. Cal. Aug. 13, 2015) (concluding plaintiff consented to dismissal of claims because he failed to address defendants arguments); *see also Allen v. Dollar Tree Stores, Inc.*, 475 F. App'x 159, 159 (9th Cir. 2012) ("The court properly dismissed [plaintiff's] claims because her opposition to the motion to dismiss failed to respond to [defendant's] argument that those claims were time-barred."). Thus, Plaintiff has failed to plausibly plead a false light claim in his Complaint and subsequently waived this claim in his Opposition. Plaintiff's false light claim should be dismissed.

F. **Plaintiff Still Fails to Plausibly Plead His Public Disclosure of Private Facts Claim**

Plaintiff's public disclosure of private facts claim also still fails because Plaintiff did not plausibly plead in the Complaint that Defendant publicly disclosed intimate details of plaintiff's life that would be offensive and objectionable to the reasonable person, *see* Dkt. 25 at 20–21, and Plaintiff's Opposition has not cured this. Notably, in his Opposition, Plaintiff makes *no* mention of this claim. Because "Plaintiff fails to at all address th[is] claim[] and/or [Defendant's] arguments for

Venable LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS

[its] dismissal . . . [t]he Court [should] construe[] Plaintiff's failure to address those arguments as Plaintiff's concession that they are valid reasons to dismiss th[e] claim[]." *Hakakha*, 2015 WL 4873561, at *8; *Sohmer*, 2018 WL 6133724, at *5–6. Plaintiff's public disclosure of private facts claim should be dismissed for failure to state a claim and because Plaintiff waived this claim.

### III.   **<u>CONCLUSION</u>**

For the foregoing reasons, and those more fully explained in Defendant's Motion, Plaintiff's claims are frivolous, and this Court should dismiss Plaintiff's Complaint in its entirety with prejudice.

Dated: April 5, 2024

VENABLE LLP

By:   */s/ Witt W. Chang*
　　　　　Witt W. Chang
　　　　　Katherine Wright Morrone

Attorneys for Defendant
TAYLOR SWIFT PRODUCTIONS, INC.

**Venable LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

## **CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendant, certifies that this brief contains 3,697 words, which complies with the word limit of L.R. 11-6.1.


Dated:  April 5, 2024                    VENABLE LLP

                                          By:  */s/ Witt W. Chang*
                                                Witt W. Chang

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I caused Defendant Taylor Swift Production, Inc.'s **DEFENDANT TAYLOR SWIFT PRODUCTIONS, INC.'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES** to be served via first-class U.S. mail, postage pre-paid, to the following:

Muhammad Umair Nabeel

1317 Edgewater Drive, #899

Orlando, FL 32804

Omairnabeel2023@gmail.com

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 5, 2024, in Los Angeles, California.

_____

Kenneth Westcott

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900