JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MUHAMMAD UMAIR NABEEL,

    Plaintiff,

v.

TAYLOR SWIFT PRODUCTIONS, INC.,

    Defendant.

Case No. 2:23-cv-10614-HDV (PVCx)

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT [DKT. NO. 25]**

## I. INTRODUCTION

Plaintiff Muhammad Umair Nabeel brings this action against Defendant Taylor Swift Productions, Inc. ("TSP") asserting that a music video it produced violates his statutory and common law right of publicity, as well as other attendant rights. Before the Court is TSP's Motion to Dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). TSP asserts that Plaintiff has failed to plausibly allege any claims. The Court agrees and concludes that further amendment would be futile.

TSP's Motion is therefore **granted**.

## II. BACKGROUND

Plaintiff alleges that since he met Selena Gomez in 2012 through an arranged meet and greet, she and Taylor Swift have "made a genre of music centered around" his personal life. Complaint ¶¶ 21–22, 40(a) [Dkt. No. 1-1]. While Plaintiff admits that he has never met Taylor Swift, *id.* ¶ 24, he alleges that she included information about his personal life in her music video for *Look What You Made Me Do* ("Music Video") where she is the protagonist, *id.* ¶ 28.[1] For instance, Plaintiff was in a car accident in March 2017 while driving his gold-colored car, and in the Music Video, the protagonist also crashes a gold-colored car. *Id.* ¶¶ 27, 31(b). Plaintiff was arrested following the car accident and the protagonist in the video was similarly behind bars. *Id.* ¶ 31(c). Plaintiff had a pet cat, and the Music Video allegedly contains cat imagery. *Id.* ¶ 31(g). Plaintiff's middle name begins with the letter "U" and the protagonist is shown giving a speech standing before "U Squad" graphics. *Id.* In short, Plaintiff interprets Taylor Swifts' *Reputation* album as storytelling about one losing their reputation, which Plaintiff felt happened to him. *Id.* ¶ 33.

Plaintiff first filed this lawsuit against TSP in Los Angeles Superior Court on November 1, 2023,[2] before TSP removed the case to this Court on December 19, 2023. Notice of Removal [Dkt. No. 1]. On January 24, 2024, TSP filed this Motion to Dismiss Plaintiff's suit pursuant to Federal

---

[1] *Look What You Made Me Do* was released on August 27, 2017. *See* Taylor Swift, *Look What You Made Me Do*, YouTube (Aug. 27, 2017), https://www.youtube.com/watch?v=3tmd-ClpJxA&ab_channel=TaylorSwiftVEVO.

[2] *Nabeel v. Taylor Swift Productions*, No. 23STCV26788 (Cal. Sup. Ct. filed Nov. 1, 2023).

Rules of Civil Procedure 12(b)(2) and 12(b)(6).  Motion [Dkt. No. 25].[3]

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(2) allows a party to seek to dismiss a complaint because the court lacks personal jurisdiction.  The plaintiff bears the burden of demonstrating that the court may properly exercise personal jurisdiction over the defendant.  *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006).  To survive a motion to dismiss under Rule 12(b)(2) without an evidentiary hearing, a plaintiff need only make a prima facie showing of jurisdictional facts.  *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995); *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) ("[W]e only consider whether the [plaintiff's] pleadings and affidavits make a prima facie showing of personal jurisdiction.").  "[U]ncontroverted allegations in the complaint must be taken as true." *Schwarzenegger*, 374 F.3d at 800.

Under Rule 12(b)(6), a party may move to dismiss a complaint for failure to state a claim upon which relief may be granted.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  Only where a plaintiff fails to "nudge[] [his or her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly dismissed. *Id.* at 680.  While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678.  The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

---

[3] This order should have issued in March 2024, but was not filed because of an internal error.

IV. DISCUSSION[4]

### A. Statute of Limitations

TSP argues that all of Plaintiff's claims are barred by the relevant statute of limitations. The Court agrees. Indeed, the statute of limitations for all of Plaintiff's claims ran by 2019. Plaintiff's claims for right of publicity and public disclosure of private facts are governed by two-year limitations periods in California. *See Cusano v. Klein*, 264 F.3d 936, 950 (9th Cir. 2001) (citation omitted); *Mireskandari v. Daily Mail & Gen. Tr. PLC*, No. 12-cv-02943-MMM-SSX, 2013 WL 12114762, at *10 (C.D. Cal. Oct. 8, 2013) (citations omitted). And Plaintiff's false light claim is subject to a one-year statute of limitations. *See Roberts v. McAfee, Inc.*, 660 F.3d 1156, 1166 (9th Cir. 2011). The events underlying Plaintiff's claims occurred in 2017, but Plaintiff did not file this action until six years later, in 2023. The Court finds that all of Plaintiff's claims are time-barred.

### B. Right of Publicity

Plaintiff asserts that TSP violated both his statutory and common law right of publicity. Complaint ¶ 4. Under California law, this claim may arise in both common law and California Civil Code § 3344. To allege a common law right of publicity claim, a plaintiff must allege "(1) the defendant's use of the plaintiff's identity; (2) the appropriation of [the] plaintiff's name or likeness to [the] defendant's advantage, commercially or otherwise; (3) lack of consent; and (4) resulting

---

[4] TSP moved to dismiss the case pursuant to Federal Rule of Civil Procedure 12(b)(2). To establish specific jurisdiction, (1) the non-resident defendant must have purposefully directed her activities to the forum state, (2) the claim must arise out of or relate to the defendant's forum related activities, and (3) the exercise of jurisdiction must comport with fair play and substantial justice. *See Schwarzenegger*, 374 F.3d at 802 (citation omitted). Where a plaintiff's claims are based in tort, courts use the "purposeful direction" test, which is satisfied where the defendant (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *See Ayla LLC v. Ayla Skin Pty. Ltd.*, 11 F.4th 972, 979–80 (9th Cir. 2021) (citing *Calder v. Jones*, 465 U.S. 783 (1984)).

The Court finds for present purposes that TSP has purposefully availed itself in California because it has sufficient minimum contacts. *See Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359 (2021) (The defendant "reached out beyond its home—by, for example, exploiting a market in the forum state.") (citation omitted). All of TSP's contacts with California must be examined in the jurisdictional analysis, whether or not those contacts involve wrongful activity by the defendant. *See Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1207 (9th Cir. 2006).

injury." *Arenas v. Shed Media U.S. Inc.*, 881 F. Supp. 2d 1181, 1188 (C.D. Cal. 2011), *aff'd* 462 F. App'x 709 (9th Cir. 2011) (alterations in original) (citation omitted). For a claim under Section 3344, a plaintiff must allege all the elements of a common law claim, as well as "a knowing use by the defendant" and "a direct connection between the alleged use and the commercial purpose." *Downing v. Abercrombie & Fitch*, 265 F.3d 994, 1001 (9th Cir. 2001) (citation omitted).

Plaintiff cannot plausibly allege a right of publicity claim as he does not allege that TSP used his identity, or even his likeness, in any recognizable or conceivable way. A plaintiff's likeness must be "readily identifiable." *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 692 (9th Cir. 1998). A person is considered readily identifiable from a photograph "when one who views the photograph with the naked eye can reasonably determine that the person depicted in the photograph is the same person who is complaining of its unauthorized use." Cal. Civ. Code § 3344(b)(1). Plaintiff insists that TSP used events in his personal life in the Music Video without his consent, such as his car accident and subsequent arrest in March 2017. Complaint ¶ 31(c). But appropriation of life experiences, without more, is insufficient. Further, Plaintiff alleges that certain shots of the Music Video display a large letter 'U', which is Plaintiff's middle initial. *Id.* ¶ 31(g). A single initial cannot plausibly represent Plaintiff's identity. In summary, Plaintiff's right of publicity claims are implausibly and inadequately alleged and, therefore, are dismissed.

### C. Public Disclosure of Private Facts

Plaintiff claims TSP publicly disclosed facts about his personal life. To state a claim for public disclosure of private facts, Plaintiff must plausibly plead: "(1) public disclosure (2) of a private fact (3) which would be offensive and objectionable to the reasonable person and (4) which is not of legitimate public concern." *Shulman v. Grp. W Prods., Inc.*, 18 Cal. 4th 200, 214 (1998). To meet this test, the disclosure at issue must reveal intimate details of the plaintiff's life. *Taus v. Loftus*, 40 Cal. 4th 683, 718 (2007) (citing *Coverstone v. Davies*, 38 Cal. 2d 315, 239 P.2d 876 (1952)). The facts disclosed must be matters where Plaintiff had an "objectively reasonable expectation of privacy." *Catsouras v. Dep't of California Highway Patrol*, 181 Cal. App. 4th 856, 905 (2010), *as modified on denial of reh'g* (Mar. 1, 2010). "[A]n essential element of [this] tort is that the facts at issue be true." *Hogan v. Weymouth*, No. 19-CV-2306-MWF (AFMx), 2020 WL

8028111, at *10 (C.D. Cal. Nov. 13, 2020) (citing *Leidholdt v. L.F.P. Inc.*, 860 F.2d 890, 895 (9th Cir. 1988)).

Plaintiff alleges that the Music Video revealed that he was suffering from mental illness and had "trust issues with his family." Complaint ¶ 57. In a conclusory manner, Plaintiff also alleges the other elements of the claim: that the information disclosed is not of public concern and that revealing said information would be offensive to a reasonable person. *Id.* ¶¶ 57–58. While Plaintiff failed to plausibly allege that the Music Video used his identity, even if he had, disclosing that someone is suffering from mental illness and had family issues would not rise to the level of intimate information required by this test.[5] A reasonable person watching the Music Video would not connect it to Plaintiff's identity, and would also not gather that the Plaintiff is mentally ill or has complex family dynamics from the protagonist's portrayal in the Music Video. Because Plaintiff's allegations of public disclosure of private facts are insufficiently plead, the claim is dismissed.

### D. False Light

Plaintiff brings a claim of false light. To state a claim for false light invasion of privacy, Plaintiff must allege: "(1) disclosure to one or more persons of (2) information about or concerning the plaintiff a) presented as factual but actually false or b) creating a false impression about him (3) that was highly offensive and would injure the plaintiff's reputation; (4) negligence; and (5) the plaintiff suffered damages as a result." *R & R Surgical Inst. v. Int'l Longshore & Warehouse Union*, No. 21-cv-00640-MWF-ASX, 2022 WL 1515686, at *2 (C.D. Cal. Mar. 8, 2022) (citing *Solano v. Playgirl, Inc.*, 292 F.3d 1078, 1082 (9th Cir. 2002)).

Plaintiff alleges that TSP's usage of his personal life events was coupled with inaccurate portrayals of his character. The Complaint includes allegations that TSP depicted Plaintiff as someone with "a high number of sexual partners" and "with 100s of sex workers." Complaint ¶¶

---

[5] *See Karimi v. Golden Gate Sch. of L.*, 361 F. Supp. 3d 956, 980 (N.D. Cal. 2019), *aff'd*, 796 F. App'x 462 (9th Cir. 2020) (dismissing public disclosure of private facts claim because a disclosure that the plaintiff had been suspended from law school did not disclose intimate private details of the plaintiff's life); *Taus*, 40 Cal. 4th at 717–18 (expressing "very serious doubts" that the statement "that Jane Doe engaged in 'destructive behavior that I cannot reveal on advice of my attorney' or that Jane Doe is in the Navy" constitutes disclosure of an intimate private fact to support a public disclosure of private facts claim) (internal quotation marks and citation omitted).

30(c), 60. Similar to defamation claims, false light claims require that the Music Video allowed a reasonable person to understand that the scenes "actually referred to" Plaintiff. *Tamkin v. CBS Broad., Inc.*, 193 Cal. App. 4th 133, 146, 148 (2011) (holding that the false light claim failed for similar reasons that the defamation claim failed). But beyond alleging that the Music Video references his middle initial, Plaintiff does not allege ***any*** references to him by name, or nor that it specifically identifies him in any other way. *See* Complaint ¶¶ 29, 31. As discussed above, Plaintiff does not plausibly allege that TSP used his likeness in the Music Video. The protagonist in the Music Video is recognizably Taylor Swift. Because Plaintiff does not plausibly allege that a reasonable person would understand that the music video refers to him, the false light claim fails.

## V. CONCLUSION

For the foregoing reasons, the Court grants TSP's Motion to Dismiss Plaintiff's Complaint without leave to amend.[6]

Dated: July 31, 2024

_____
Hernán D. Vera
United States District Judge

---

[6] A court need not grant leave to amend when "any amendment would be an exercise in futility." *Hoang v. Bank of Am., N.A.*, 910 F.3d 1096, 1103 (9th Cir. 2018) (quoting *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998)). Because Plaintiff's theory of the case simply does not fit the law of any of these claims, the Court concludes that any amendment on these claims would be futile.